# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ERIC ANDREWS,, | Case No.: 3:18-cv-00530-MMA-KSC |
| CDCR #E-37497, | |
| Plaintiff, | **ORDER:** |
| vs. | **1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2]** |
| DR. J. HODGES; R.N. M. GARCIA; DEPARTMENT OF CORRECTIONS, | **AND** |
| Defendants. | **(2) DISMISSING CIVIL ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

Eric Andrews ("Plaintiff"), currently incarcerated at Pelican Bay State Prison ("PBSP") located in Crescent City, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1993 (Doc. No. 1). While Plaintiff was housed at PBSP at the time he filed this action, the named Defendants are prison officials at the

Richard J. Donovan Correctional Facility ("RJD"). (*See* Compl. at 1-2.) Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

I.   **Request to Proceed In Forma Pauperis**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his request to proceed IFP, Plaintiff has submitted a prison certificate authorized by a PBSP accounting official and a copy of his CDCR Inmate Statement Report. *See* ECF No. 2; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show that Plaintiff carried an average monthly balance of $3665.58 and average monthly deposits of $49.46. *See* ECF No. 2 at 4-6.

In this matter, Plaintiff has not shown the indigence required to proceed IFP. If the Court were to assess the initial partial filing fee, it would actually exceed the amount required to initial a civil action. Therefore, because Plaintiff has shown that he is able to pay the filing fee in total, Plaintiff's Motion to Proceed IFP is **DENIED**.

## II. Screening of Complaint pursuant to § 1915A

While Plaintiff has been denied leave to commence this civil action without prepayment of the $400 civil filing fee required by 28 U.S.C. § 1914(a), and his case requires dismissal for that reason alone, the Court also elects to conduct a sua sponte review of Plaintiff's pleading because he was "incarcerated or detained in any facility [and] is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program" at the time he filed this action. *See* 28 U.S.C. § 1915A(a), (c).

Section 1915A, also enacted as part of PLRA, requires sua sponte dismissal of prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted.)

3

3:18-cv-00530-MMA-KSC

A. Plaintiff's allegations

On June 24, 2017, while housed at RJD, Plaintiff "suffered a left leg injury" while playing basketball. (*See* Compl. at 3.) Plaintiff "sought out medical attention at the Treatment Triage Area." (*Id.*) He was examined by Defendants, Dr. Hodges and Nurse Garcia. (*See id.*) Plaintiff claims he told Hodges and Garcia that his leg was "totally numb" from his calf to his toe. (*Id.*) After examining Plaintiff, Hodges "ordered an x-ray" of Plaintiff's ankle which "revealed no bone damage." (*Id.*) Hodges diagnosed Plaintiff with an "ankle sprain," provide him with crutches and prescribed pain medication. (*Id.*)

Plaintiff claims over the next "four to five weeks" he experienced greater pain and increased his pain medication. (*Id.* at 4.) In September of 2017, Plaintiff was transferred to PBSP where he was diagnosed with an "Achilles tendon injury." (*Id.* at 5.) Plaintiff claims that if his injury was addressed in a "timely fashion via surgery" he would have healed "within approximately six months." (*Id.* at 6.)

B. Eighth Amendment -- Medical Care

Prison officials violate the Eighth Amendment only when they respond with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976) (citations and footnotes omitted).

Medical needs are sufficiently "serious" if, objectively, the failure to treat them "will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (citations and internal quotation marks omitted). Serious medical needs include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991) (citations omitted), *overruled on other grounds by WMX Technologies, Inc., v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

///

A prison official acts with deliberate indifference when the official is subjectively aware of, but purposefully ignores or fails to respond to an "excessive risk to inmate health" (*i.e.*, a serious medical need). *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citations omitted). Each Defendant's alleged indifference must be "substantial." *Estelle*, 429 U.S. at 105-06; *Lemire v. Cal. Dept. of Corr. and Rehab.* 726 F.3d 1062, 1081-82 (9th Cir. 2013) (citations omitted).

While a prisoner need not prove that he was completely denied medical care, *Lopez*, 203 F.3d at 1132, and deliberate indifference is manifest when a prison doctor or guard intentionally denies or delays access to medical care or intentionally interferes with "treatment once prescribed," *Estelle*, 429 U.S. at 104-05 (footnotes omitted), a mere disagreement with a defendant's professional judgment concerning what medical care is most appropriate under the circumstances is insufficient. *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation omitted). Therefore, the medical care a doctor provides to an inmate amounts to deliberate indifference only if the doctor is alleged to have chosen a course of treatment that "was medically unacceptable under the circumstances" and did so "in conscious disregard of an excessive risk to plaintiff's health." *Colwell*, 763 F.3d at 1068 (citations and internal quotation marks omitted).

Finally, where a prisoner seeks to hold prison officials personally liable for damages, the plaintiff must establish a causal link between the particular defendant's deliberate indifference and the constitutional deprivation alleged. *Leer*, 844 F.2d at 633-34. "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). Proper evaluation of causation involves "a very individualized approach which accounts for the duties, discretion, and means of each defendant." *Leer,* 844 F.2d at 633-34.

Applying these standards, the Court finds Plaintiff's Complaint fails to state a plausible claim for relief under the Eighth Amendment against the named Defendants. *Iqbal*, 556 U.S. at 678-79. Plaintiff claims that he suffered a serious injury but he also acknowledges that he was examined by the Defendants, an x-ray was taken, he received a

1  diagnosis and provided pain medication. Plaintiff claims that they should have properly
2  diagnosed his condition.
3  However, a prison doctor's mistake, negligence, or malpractice does not establish
4  deliberate indifference to serious medical needs. *Estelle*, 429 U.S. at 105-06. "Even gross
5  negligence is insufficient." *Lemire*, 726 F.3d at 1082. Instead, "the official must both be
6  aware of facts from which the inference could be drawn that a substantial risk of serious
7  harm exists, and he must also draw the inference." *Colwell*, 763 F.3d at 1066 (quoting
8  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)) (quotation marks omitted).

Moreover, a difference of opinion over what constitutes proper treatment does not rise to the level of an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989); *Shapley v. Nev. Bd. of State Prison Comm'r*, 766 F.2d 404, 407 (9th Cir. 1984). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) (citing *Hallett v. Morgan*, 296 F.3d 732, 1204 (9th Cir. 2002). The Constitution does not require that prison doctors give inmates every medical treatment they desire. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977).

Here, Plaintiff's claim sounds in negligence which does not rise to the level of an Eighth Amendment violation. Plaintiff acknowledges that he was examined and treated for his injury. For the reasons set forth above, the Court finds that Plaintiff has failed to state an Eighth Amendment claim upon which relief can be granted.

**III.  Conclusion and Order**

For the reasons set forth above, the Court:

1)  **DENIES** Plaintiff's Motion to Proceed IFP (Doc. No. 2);

2)  **DISMISSES** this action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a), and for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1);

3) Plaintiff is granted forty five (45) days leave from the date this Order is "Filed" in which to pay the $400 initial civil filing fee *and* file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

4) The Clerk of Court is directed to mail Plaintiff a court approved civil rights complaint form.

**IT IS SO ORDERED**.

DATE: March 16, 2018

HON. MICHAEL M. ANELLO
United States District Judge