# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ERIC ANDREWS, CDCR# E-37497,

       Plaintiff,

v.

DR. J. HODGES; R.N. M. GARCIA; DEPARTMENT OF CORRECTIONS,

       Defendant.

Case No.: 3:18-cv-00530-MMA-KSC

**ORDER: (1) DENYING MOTION TO APPOINT COUNSEL; AND (2) GRANTING EXTENSION OF TIME TO FILE CIVIL FILING FEE AND FIRST AMENDED COMPLAINT**

[Doc. Nos. 5, 7]

  On March 12, 2018, Plaintiff filed his civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (Doc. No. 2.) The Court denied Plaintiff's Motion to Proceed IFP and sua sponte dismissed Plaintiff's Complaint for failing to state a claim upon which relief could be granted. (*See* Doc. No. 3.) Plaintiff was granted forty-five (45) days leave to file an amended complaint in order to correct the deficiencies of pleading identified by the Court and pay the entire initial civil filing fee. (*Id.*)

  Plaintiff has now filed a "Motion to Appoint Counsel," along with a "Motion for Extension of Time." (Doc. Nos. 5, 7.)

/ / / /

## I. Motion to Appoint Counsel

Plaintiff has brought a motion seeking an order from this Court appointing him counsel in this case. (Doc. No. 5.) Plaintiff claims that he is "indigent and unable to afford counsel." (*Id.*) In addition, Plaintiff adds that he is "not well versed in these matters." (*Id.*)

However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts have discretion to "request" that an attorney represent an indigent civil litigant. *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). This discretion is generally exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

At this preliminary stage of the proceedings, the Court declines to exercise its discretion under § 1915(e)(1), and **DENIES** Plaintiff's Motion without prejudice. As demonstrated by his original complaint, Plaintiff appears capable of articulating a factual basis for his claims and the legal foundation for them does not appear to be complex. *Id.* Moreover, because the Court has found his pleadings to date insufficient to survive the mandatory screening required by 28 U.S.C. § 1915A(b), the likelihood of Plaintiff's ultimate success on the merits is not at all yet clear. *Id.* Therefore, neither the interests of justice nor any exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## II. Motion for Extension of Time

Plaintiff also seeks additional time to file his amended complaint and pay the initial civil filing fee. (*See* Doc. No. 7 at 1.) In this motion, Plaintiff claims that he needs additional time to gather information in support of his amended complaint and he must

"submit the amended complaint" to the prison's trust account department before they will issue the check for the filing fee. (*Id.*) Based on Plaintiff's showing of good cause, the Court will grant Plaintiff's request.

## III. Conclusion and Order

For the reasons set forth above, the Court:

(1) **DENIES** Plaintiff's Motion to Appoint Counsel (Doc. No. 5) without prejudice; and

(2) **GRANTS** Plaintiff's request for extension of time to pay initial civil filing fee and First Amended Complaint. (Doc. No. 7.) Plaintiff is given an additional thirty (30) days leave from the date this Order is signed in which to pay the initial civil filing fee and file a First Amended Complaint which cures all the deficiencies of pleading noted in the Court's March 16, 2018 Order. If Plaintiff fails to file an amended pleading within this time frame, the Court will dismiss this entire action for the reasons set forth in the March 16, 2018 Order and for failing to comply with a Court Order.

**IT IS SO ORDERED**.

DATE: April 25, 2018

HON. MICHAEL M. ANELLO
United States District Judge