# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ANDREWS,<br><br>                    Plaintiff,<br><br>v.<br><br>DR. J. HODGES, et al.,<br><br>                    Defendants. | Case No. 18cv530-MMA-KSC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>[Doc. Nos. 17, 19, 25] |

     Plaintiff Eric Andrews, a California state prisoner proceeding *pro se*, commenced this action on March 12, 2018, seeking relief under 42 U.S.C. § 1983 against prison medical personnel for a violation of his Eighth Amendment right to adequate medical care. Defendants move to dismiss Plaintiff's First Amended Complaint for failure to exhaust his administrative remedies prior to filing suit and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. Nos. 17, 19, 25. For the reasons set forth below, the Court **GRANTS** Defendants' motions.

## BACKGROUND

     Plaintiff is a prisoner proceeding *pro se* on his complaint filed pursuant to 42 U.S.C. § 1983 against medical professionals J. Hodges, M.D., M. Garcia, R.N., P.

1

Shakiba, M.D., J. Hoffman, M.D., N. Bogle, R.N, and R. Cross, M.D. The following description of events is taken from the pleadings and is not to be construed as findings of fact by the Court.[1]

On June 24, 2017, Plaintiff suffered a leg injury while playing basketball at Donovan Correctional Facility. Plaintiff immediately sought medical attention. During the examination, Plaintiff explained that he "felt a snap," lost all strength in his leg, and was experiencing numbness. *Id.* An X-ray revealed no bone fracture, and then diagnosed Plaintiff with a possible ankle sprain. *Id.* Plaintiff received crutches and a bandage to wrap the ankle and was instructed to continue taking pain medication which he previously had been prescribed for an unrelated medical issue. *Id.*

Over the next four to five weeks, Plaintiff experienced increasing pain and difficulty performing work activities. *Id.* In September 2017, Plaintiff was transferred to Pelican Bay Prison. After requesting health services for his worsening ankle, on January 12, 2018, the results of Plaintiff's MRI revealed he had suffered a large high grade distal Achilles tendon tear. *See* Doc. No. 9, at 9. According to Plaintiff, a correct initial diagnosis and timely treatment with a long leg cast or surgery "would have dramatically shortened [his] healing time," and the lack of those treatments "led to many more months of pain, suffering, rehabilitation and inability to engage in athletic and other physical pursuits." *Id*. at 10.

On March 12, 2018, Plaintiff filed this action in the Southern District of California alleging violation of his Eighth Amendment right to adequate medical care, as well as California state law claims for professional negligence, medical malpractice, and failure to provide or summon immediate medical care, against Defendants Hodges and Garcia. *See* Doc. No. 1. Plaintiff stated in his complaint that he had filed inmate appeals regarding his medical care which remained pending at the second level of review. *See id*.

---

[1] Because this case comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in the complaint and must also construe the complaint, and all reasonable inferences drawn therefrom, in the light most favorable to Plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

at 56.

On April 27, 2018, Plaintiff filed a First Amended Complaint, realleging his Eighth Amendment and state law claims against Defendants Hodges and Garcia, and adding claims against Defendants Shakiba, Hoffman, Bogle, and Cross. *See* Doc. No. 9. Plaintiff stated in his First Amended Complaint that his inmate appeals arising out of the relevant events and related to his claims in this action remained pending at the final level of review. *See id*. at 13.

### **FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Defendants Hodges, Garcia, Shakiba, Hoffman, and Bogle move to dismiss Plaintiff's claims based on Plaintiff's failure to exhaust his administrative remedies prior to instituting this action.

*1. Legal Standard*

The Prison Litigation Reform Act ("PLRA") requires that prisoners exhaust "such administrative remedies as are available *before commencing a suit* challenging prison conditions." 42 U.S.C. § 1997e(a) (emphasis added). A court must dismiss a case without prejudice "when there is no presuit exhaustion," even if there is exhaustion while suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002). The failure to exhaust is an affirmative defense, and the defendant bears the burden of raising and proving the absence of exhaustion. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Id.* at 1166. Otherwise, the defendant must move for summary judgment and produce evidence proving the failure to exhaust. *See id*.

*2. Analysis*

Defendants argue that the failure to exhaust is "clear from the face of the complaint." *Id*. Defendants point to Plaintiff's statement in his First Amended Complaint: "I have been awaiting a response from the final level of review on appeal number 17000088 for over four months." Doc. No. 9 at 13. Importantly, Plaintiff does

not dispute that he failed to exhaust his claims prior to initiating this action. Plaintiff instead responds that he exhausted his administrative remedies *after* filing his First Amended Complaint. As proof thereof, Plaintiff submits a Headquarters' Level Response dated July 18, 2018. *See* Doc. No. 18 at 10-11.

Plaintiff argues that he has now successfully exhausted his claims and "[t]iming is Plaintiff's only misstep." Doc. No. 27 at 3. However, the fact remains that Plaintiff did not have the discretion to file his lawsuit first and exhaust later. *See Akhtar v. Mesa*, 698 F.3d 1202, 1210 (9th Cir. 2012). "[A] prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation." *McKinney*, 311 F.3d at 1199. That is precisely the strategy which Plaintiff employed, and it is statutorily prohibited.

In sum, this is one of "those rare cases where a failure to exhaust is clear from the face of the complaint." *Albino*, 747 F.3d at 1169. As such, Plaintiff's claims against Defendants Hodges, Garcia, Shakiba, and Bogle must be dismissed without prejudice based on Plaintiff's failure to comply with the exhaustion requirements of the PLRA.

## FAILURE TO STATE A CLAIM

Defendant Cross moves to dismiss Plaintiff's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6) based on Plaintiff's failure to state a plausible Eighth Amendment claim.[2]

As noted above, in September 2017, Plaintiff was transferred to Pelican Bay State Prison. Due to discoloration, increased pain, and decreased stability, Plaintiff requested medical attention upon his arrival at Pelican Bay. On October 20, 2017, Defendant Hoffman performed a Thompson test and concluded that Plaintiff had suffered an injury

---

[2] Defendant Cross did not move to dismiss on exhaustion grounds. Although Plaintiff's failure to exhaust is clear from the face of his pleadings and he has conceded as such, in an abundance of caution, the Court declines to raise the issue sua sponte on Defendant Cross's behalf and instead considers the plausibility of Plaintiff's claims against Defendant Cross pursuant to Rule 12(b)(6). *See Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003) (nonexhaustion is an affirmative defense, and prisoner's concession to nonexhaustion is a valid ground for dismissal only if no exception to exhaustion applies and record is clear that plaintiff has conceded).

to his Achilles tendon. Dr. Hoffman ordered an MRI and referred Plaintiff to an orthopedic specialist, Defendant Dr. Cross. Plaintiff's allegations against Dr. Cross are set forth below in their entirety:

> On December 6, 2017, orthopedic specialist Doctor Cross conducted a Thompson test on me and also concluded I had suffered an Achilles tendon rupture. I told Dr. Cross about my pain and weakness. Dr. Cross, too, awaited the results of the MRI to determine the extent of the injury. In response to my complaints about pain and weakness in my ankle, Dr. Cross said to continue taking the Naproxen.

Doc. No. 9 at 8-9 (internal citation omitted).

> On January 12, 2018, I was informed by Dr. Morin that the MRI revealed I had suffered a large high grade distal Achilles tendon tear and that I would again be seen by Dr. Cross. On February 8, 2018, Dr. Cross stated that my Achilles tendon had shown some signs of healing and, because of that, he directed that I continue wearing the moonboot for up to 20 months with MRIs to monitor my healing.

*Id*. at 9 (internal citations omitted).

> All of the defendants failed to prescribe, arrange or facilitate for me a long leg cast (which is different than the cast I received) or surgery for my injury. This failure was motivated by the desire to save the Department money. The defendants knew either treatment would have dramatically shortened my healing time, to four to nine months, and that the absence of those treatments would lead to many more months of pain, suffering, rehabilitation and inability to engage in athletic and other physical pursuits. Doctor Cross stated that, had he seen me close in time to my injury, he would have had me in surgery within a week and that such would have prevented all of the suffering that I have experienced.

*Id*. at 10 (internal citation omitted).

### *1. Legal Standard*

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Fed. R. Civ. P.

5

8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (*citing Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003)). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Where a plaintiff appears in propria persona in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a *pro se* civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*; *see also Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983). "The plaintiff must

6

14cv2995-MMA (KSC)

allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones*, 733 F.2d at 649 (internal quotation omitted).

### 2. Eighth Amendment Claim

Plaintiff alleges that Dr. Cross provided inadequate medical care and acted with deliberate indifference to his serious medical need by failing to "prescribe, arrange or facilitate" the provision of a long leg cast or surgery for his injury. Doc. No. 9 at 10.

A determination of deliberate indifference involves a two-step analysis consisting of both objective and subjective inquiries. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "First, the plaintiff must demonstrate a serious medical need such that failure to provide treatment could result in further significant injury or unnecessary and wanton infliction of pain. Second, the plaintiff must show that the defendant's response to the medical need was deliberately indifferent." *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citations and internal quotations omitted). "In order to show deliberate indifference, an inmate must allege sufficient facts to indicate that prison officials acted with a culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

At the first step, Plaintiff adequately alleges the existence of an objectively serious medical need, to wit, his injured Achilles tendon. At the second step, however, Plaintiff's allegations fail to establish that Dr. Cross acted with deliberate indifference when examining and treating Plaintiff. To the contrary, Plaintiff's allegations demonstrate that Dr. Cross performed the appropriate medical test to confirm the extent of his injury and confirmed his diagnosis after receiving the MRI results. Dr. Cross prescribed the continued use of pain medication. During a follow-up appointment, Dr. Cross observed that Plaintiff's injury was healing and prescribed the use of a "moonboot" for an additional twenty-month period, along with occasional MRIs to track the progress of Plaintiff's healing.

Plaintiff also admits that Dr. Cross advised Plaintiff, that had Dr. Cross been the initial treating physician subsequent to Plaintiff sustaining the injury, Dr. Cross would have performed surgery – Plaintiff's own preferred treatment. To the extent that Plaintiff

disagrees with Dr. Cross's decision not to perform surgery many months after the injury or prescribe a long leg cast, after observing progressive healing while wearing a moonboot, this constitutes a medical disagreement with Dr. Cross's prescribed course of treatment and thus fails to establish deliberate indifference. *See Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (holding "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim").

### *3. State Law Claims*

Plaintiff brings state law claims against Dr. Cross for medical malpractice, negligence, and failure to summon care. The Court has original jurisdiction over Plaintiff's Eighth Amendment claim, which permits the Court in its discretion to exercise supplemental jurisdiction over Plaintiff's state law claims. However, because the Court dismisses Plaintiff's Eighth Amendment claim against Defendant Cross, it declines to exercise supplemental jurisdiction over Plaintiff's state law claims against him. *See* 28 U.S.C. § 1367(c)(3). As such, those claims are also subject to dismissal without prejudice.

### *4. Leave to Amend*

Ordinarily, the court must give a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted) (citing *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987)). Thus, before a *pro se* civil rights complaint may be dismissed, the court must provide the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi*, 839 F.2d at 623-24. But where amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

Here, the Court finds that any amendment of Plaintiff's claims in this action against Defendant Cross would be futile based on Plaintiff's conceded failure to exhaust his administrative remedies against any of the named defendants, including Defendant

8

Cross, prior to filing suit.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendants' motions and **DISMISSES** this action in its entirety **without prejudice** and **without leave to amend** in this action based on Plaintiff's failure to exhaust his administrative remedies prior to filing suit and Plaintiff's failure to state a plausible Eighth Amendment claim against Defendant Cross. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

DATE: October 21, 2019

_____
HON. MICHAEL M. ANELLO
United States District Judge